**THOMAS K. GODFREY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Thomas.Godfrey@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN PAUL VEADER,<br><br>Defendant. | CR 18-75-BLG-SPW<br><br><br>OFFER OF PROOF |
|---|---|

The United States, represented by Assistant U.S. Attorney Thomas K. Godfrey, files the following offer of proof in anticipation of the change of plea hearing set in this case on October 18, 2018.

1

## THE CHARGES

The defendant, John Paul Veader, is charged by indictment with prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).

## PLEA AGREEMENT

There is a plea agreement in this case. Veader will plead guilty to Count I of the indictment. Count II will be dismissed at the time of sentencing, if the Court accepts the plea agreement. The defendant will admit the forfeiture allegation in the indictment. In the government's view, this is the most favorable resolution for the defendant. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the United States must prove each of the following elements beyond a reasonable doubt:

First**,** the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported in interstate or foreign commerce; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

Count I in the indictment carries a maximum penalty of ten years of imprisonment, a $250,000 fine, three years of supervised release, and $100 special assessments.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On February 12, 2018, ATF was assisting the Billings Police Department (BPD) Street Crimes Unit (SCU) conduct surveillance at a residence were a male known to frequent this residence had a valid arrest warrant.  As law enforcement remained on scene, after the arrest of the male, to wait for a tow truck to retrieve the stolen Suburban, a vehicle arrived on scene occupied by two males, one being the defendant John Paul Veader, and it was apparent the males were looking for someone in the immediate area of the residence.  Veader stated his intentions to purchase the black Suburban from the arrested male, while denying having any knowledge that the Suburban was listed as stolen.  Both males were checked through dispatch and a valid arrest warrant was confirmed for Veader's arrest.

As Veader stepped out of the front passenger seat to be placed into custody for his warrant, a short-barreled shotgun was observed leaning against the middle console from the front passenger seat floorboard.

The driver was interviewed on scene and described picking Veader up shortly before making contact with SCU and explained how Veader approached the car from a nearby alley while holding the shotgun close to his body in an attempt to keep it concealed.  The driver did not question Veader about the shotgun after entering the front passenger seat, stating he was too fearful and did not want to provoke Veader.

Veader has a previous felony conviction for Possession of a Controlled Substance out of the Superior & Municipal Courts of the State of California, County of Placer cause # R44481 on 10/10/1997.  This felony conviction prohibits Veader from possessing firearms.

The ATF performed an interstate nexus examination on the firearm found on Veader— a Savage Arms, model 67H, 12 gauge, pump-action shotgun (S/N: None)—and determined that it was not manufactured in the State of Montana and therefore traveled in or affected interstate commerce.

DATED this 16th day of October, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Thomas K. Godfrey*
        THOMAS K. GODFREY
        Assistant U.S. Attorney